Matthew Follett (SBN 325481)
Mfollett@FoxRothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Defendant
AETNA HEALTH OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOOJAS, INC., | Case No. 3:22-cv-01696-JSC |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** |
| v. | |
| AETNA HEALTH OF CALIFORNIA, INC. | U.S. Magistrate Judge Jacqueline Scott Corley |
| Defendant. | Date: April 28, 2022 |
| | Time: 9:00 a.m. |
| | Location: Courtroom E, 15th fl. |

1

132225081.1

1       **PLEASE TAKE NOTICE THAT** on April 28, 2022 at 9:00 a.m., or as

2 soon thereafter as the matter may be heard, in Courtroom E, 15th floor of the United

3 States District Court, located at 450 Golden Gate Ave., San Francisco, CA 94102,

4 before the Honorable Judge Jacqueline Scott Corley, Defendant Aetna Health of

5 California, Inc. ("Aetna Health of California"), by and through its undersigned

6 counsel will, and hereby does, move the Court to dismiss the Complaint of

7 Saloojas, Inc. ("Soloojas" or "Defendant") against Aetna Health of California.

8       This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9 Procedure and L.R. 7-4 on the grounds that the Complaint fails to allege facts

10 sufficient to state any claim upon which relief can be granted. This motion is based

11 upon this Notice of Motion and Motion, the included Memorandum of Points and

12 Authorities, the declaration of Counsel, and any reply memorandum, the filings in

13 this action, and such other written and oral argument as may be presented to the

14 Court.

15

16 Dated:  March 23, 2022                **FOX ROTHSCHILD LLP**

17

18                               */s/ Matthew Follett*

19                               Matthew Follett
                              Attorneys for Defendant

20                               AETNA HEALTH OF CALIFORNIA, INC.

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

132225081.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   ISSUE TO BE DECIDED

Whether a plaintiff's complaint should be dismissed with prejudice if it's entire claim for relief relies on allegations the defendant violated a statute that provides for no private causes of action or relief.

### II.   INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

On March 27, 2020, former President Donald Trump signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. 116-136 (2020) (the "CARES Act", which was passed by Congress to provide an unprecedented package of emergency economic assistance and other support to individuals, families, and businesses coping with the enormous economic and public-health crises triggered by the COVID-19 pandemic.

On December 14, 2021, Plaintiff filed a complaint (the "Complaint") in the Small Claims Division of the Superior Court of California, County of Los Angeles. *Declaration of Matthew Follett* ("*Follett Decl.*"), Exhibit ("Ex.") A.  The Complaint alleges that Aetna Health of California owes Plaintiff $922 and seeks an additional $4,078 in punitive damages.

In Paragraph three of the Complaint, which further incorporates attachments, Plaintiff alleges that it provided COVID-19 testing, which was not paid. Plaintiff continues by seemingly alleging that the purported lack of payment was "an intentional violation of the CARES ACT."

Paragraph four of the Complaint alleges that "Plaintiff appealed the denial of full payment mandated under the CARES ACT with the attached letter Attachment B with was again denied." *Pl. Compl.*

Aetna Health of California was served with the Complaint on February 15, 2022, and on March 16, 2022, it timely removed the case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because Plaintiff's complaint alleged money owed to

3

1  it by Aetna Health of California pursuant to the provision of a federal statute.
2  Follett Decl. Ex. B; ECF No. 1.

3      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Aetna
4  Health of California now moves to have the Complaint dismissed because no
5  private cause of action or relief exists under the CARES Act. Aetna Health of
6  California further requests that the Complaint be dismissed with prejudice because
7  Plaintiff cannot plead a cause of action that is not futile. Any claim for relief would
8  have to prop itself against Plaintiff's claim it was not paid the total amount it
9  alleges being owed pursuant to the CARES Act itself.

10 **III.   ARGUMENT**

11     **A.   MOTIONS TO DISMISS ARE PROPER WHEN A PLAINTIFF HAS FAILED**
12          **TO PLEAD A COGNIZABLE LEGAL THEORY**

13     To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a
14  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
15  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
16  "Threadbare recitals of the elements of a cause of action, supported by mere
17  conclusory statements, do not suffice." *Id. See also Eclectic Properties E., LLC v.*
18  *Marcus & Millichap Co.*, 751 F.3d 990, 996-97 (9th Cir. 2014) "Dismissal can be
19  based on the lack of a cognizable legal theory or the absence of sufficient facts
20  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
21  F.2d 696, 699 (9th Cir. 1988)

22     In assessing the sufficiency of the pleadings, "courts must consider the
23  complaint in its entirety, as well as other sources courts ordinarily examine when
24  ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated
25  into the complaint by reference, and matters of which a court may take judicial
26  notice." *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007)

27     Where a complaint or claim is dismissed, leave to amend generally is

28

4

granted, unless further amendment would be futile. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

**B.   THE COMPLAINT DOES NOT PLEAD A COGNIZABLE LEGAL THEORY BECAUSE THE CARES ACT DOES NOT PROVIDE FOR PRIVATE CAUSES OF ACTION OR RELIEF.**

 Plaintiff's Complaint lacks any "cognizable legal theory" because the entirety of it rests on allegations that Aetna Health of California violated the CARES Act by not rendering the full amount that Plaintiff demanded for performing COVID-19 testing.

In examining, however, whether the CARES Act provides for private causes of action, Courts across the 9th Circuit and others have concluded the same—it does not. *See e.g., Am. Video Duplicating, Inc. v. City Nat'l Bank*, 2020 WL 6882735, at *4 (C.D. Cal. Nov. 20, 2020) ("Plaintiff's claims for violations of the CARES Act ... fail because there is no private cause of action to enforce these provisions."); *Horvath v. JP Morgan Chase & Company* (S.D. Cal., Jan. 7, 2022, No. 3:21-CV-1665-BTM-AGS) 2022 WL 80474, at *5 ("To the extent that Plaintiff alleges that Defendant violated various provisions of the CARES Act, Plaintiff does not have a cause of action under the CARES Act."); *Radix L. PLC v. JPMorgan Chase Bank NA*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) ("there is no private right of action to enforce the CARES Act"); *Profiles, Inc. v. Bank of Am. Corp.*, 2020 WL 1849710, at *4, *7 (D. Md. Apr. 13, 2020) ( "the CARES Act does not expressly provide a private right of action" and does not impliedly create a private right of action); *see also Sport & Wheat*, 2020 WL 4882416, at *3 n.6 ("it is doubtful that . . . a private right of action exists" under the CARES Act).

The uniformity of conclusions is unsurprising because ". . . private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). In other words, a plaintiff "must show that the statute

132225081.1

manifests an intent to create not just a private right but also a private remedy." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (quoting *Alexander at* 286) (internal quotation marks omitted).

Here, however, a review of the language and legislative history of the CARES Act reveals no such intent. Even if momentarily setting aside that the statute's plain language conveys no private causes of action or relief, examining its predecessor drafts and legislative history materials further reveal nothing that even implies an intent by Congress to create private causes of action or relief pursuant to the CARES Act.

## C.    ANY ATTEMPT BY PLAINTIFF TO AMEND THE COMPLAINT WOULD BE FUTILE.

The Complaint must be dismissed with prejudice because Plaintiff cannot plead a cause of action that does not rely on allegations that he is owed additional monies under the CARES Act for services purportedly rendered.

Where a plaintiff lacks a private right of action under a federal statute, he or she cannot use state common-law causes of action to "backdoor" a private right of action. *See, e.g., Warner v. Wells Fargo Bank, N.A.*, No. SACV 11-00480 DOC, 2011 WL 2470923, at *3 (C.D. Cal. June 21, 2011); *Lil' Man in the Boat, Inc. v. City & Cty. of San Francisco*, No. 17-CV-00904-JST, 2018 WL 4207260, at *4 (N.D. Cal. Sept. 4, 2018) ("When a plaintiff lacks a private right of action under a particular statute, she cannot argue around that limitation by bootstrapping her cause of action onto an unjust enrichment or declaratory relief claim.").

Here, Plaintiff cannot plead a different cause of action, e.g., unjust enrichment or declaratory relief, without "bootstrapping" to the statute because he purports that—pursuant to the CARES Act—he is owed further payment from Aetna Health of California. Absent any reference to the statute, however, Plaintiff cannot plausibly allege a set of facts under which he would be entitled to relief.

6

III.    **CONCLUSION**

Aetna Health of California respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice because it arises entirely on purported violations of the CARES Act, under which no private cause of action is available.

Dated:  March 23, 2022                                  FOX ROTHSCHILD LLP

_/s/ Matthew Follett_
Matthew Follett
Attorneys for Defendant
AETNA HEALTH OF CALIFORNIA, INC.

7

132225081.1

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action; my business address is:  10250 Constellation Blvd., Suite 900, Los Angeles, CA 90067.  My electronic notification address is:  jdodds@foxrothschild.com

On March 23, 2022, I served the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties as follows:

Saloojas, Inc.
5763 Stevenson Blvd.
Newark, CA 94560

**[BY FIRST CLASS MAIL]:**  I placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on March 23, 2022 at Los Angeles, California.

Janine Dodds

8

132225081.1