Matthew Follett (SBN 325481)
Mfollett@FoxRothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Defendant
AETNA HEALTH OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOOJAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AETNA HEALTH OF CALIFORNIA, INC. <br><br> Defendant. | Case No. 22-cv-01696-JSC <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** <br><br> Hon. Jacqueline S. Corley <br><br> Date: May 5, 2022 <br> Time: 9:00 a.m. <br> Location: via ZOOM videoconference |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On one hand, Plaintiff submits it has "advanced numerous facts showing the text, purpose, [and] legislative history" of the CARES Act that support finding a cause of action. *Pl. Opp.* at p. 18:23-28. On the other, it admits there is "limited extrinsic evidence of legislative intent one way or the other on the issue of a private cause of action" *Pl. Opp.* at p. 13:6-9. Regardless, Plaintiff's assertion that a cause of action can be readily inferred from the text of the CARES act statute defies clear and binding case law.

## II. ARGUMENT

### A. COURTS RARELY IMPLY A CAUSE OF ACTION WHERE NOT EXPRESSLY PROVIDED BY CONGRESS.

The Supreme Court has cautioned federal courts from inferring a private right of action from a statute that does not expressly create one. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (To create a private cause of action, Congress must do so in "clear and unambiguous terms.") "Unless Congress speaks with a clear voice, and manifests an unambiguous intent to confer individual rights," a court may not infer a private right of action. *Gonzaga Univ. v. Doe,* 536 U.S. 273, 280 (2002) (quotation marks and brackets omitted).

Nonetheless, Plaintiff's opposition argues for a private cause of action, relying upon nothing more than a snippet from Section 3202(a) of the CARES Act, which states that health plans "shall reimburse the provider" for COVID testing. From this alone, Plaintiff concludes that: (1) it falls within the class for whose benefit the statute was enacted; (2) an indication of implicit legislative intent to create a remedy; and (3) that a private right of action is consistent with the underlying purpose of the legislative scheme.

These arguments contradict clear and binding case law.

First, "[f]or a statute to create private rights, its text must be phrased in terms of the persons benefitted." *Gonzaga University v. Doe*, 122 S.Ct. 2268, 2270; *see also Alexander v. Sandoval*, 121 S.Ct. 1511, 1521 ("Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."). Here, Section 3202 focuses on the regulated entities – both the requirement for group health plans and health insurance issuers to pay for specified services, and the requirement for providers to post cash prices for the general public. There is no statutory language focused upon protecting providers' private rights.

There is also a vast difference between imposing a payment obligation upon health plans that might benefit some providers and creating a new ***federal right*** to payment. *See Universities Research Assn., Inc. v. Corfu, 450 U.S.* 754, 772 (1981) (rejecting a claim of implied private right of action where a statute "requires that certain stipulations be placed in federal construction contracts for the benefit of mechanics and laborers, but it does not confer rights directly on those individuals."). By way of Plaintiff's logic, ***federal law*** now entitles a provider to reimbursement for COVID-19 testing no matter how outrageous or exorbitant the charge so long as the provider places the prices on a website that the plan or issuer had no reason to know existed prior to said provider seeking reimbursement.

Even if Plaintiff had managed to establish that the language of the statute conveyed such a right, it still would not have established a private remedy necessary to bring suit. Without a private remedy, a cause of action does not exist "no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 121 S.Ct. 1511, 1520.

The Supreme Court has made clear that, when determining whether a private right of action can be inferred from a particular statute, rights-creating language is not determinative. *Pittman v. Oregon, Employment Dept.*, 509 F.3d 1065, 1073

("Even where a statute is phrased in ... explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent to create not just a private right but also a private remedy." *Id*. at 1073, citing *Gonzaga University v. Doe*, 122 S.Ct. 2268, 2269 (quotation marks omitted). As the Ninth Circuit has already recognized, this distinction between ***rights*** and ***remedies*** has been increasingly emphasized since the 1970s. *See Virginia Bankshares, Inc. v. Sandberg,* 501 U.S. 1083, 1102, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991) ("[R]ecognition of any private right of action for violating a federal statute must ultimately rest on congressional intent to provide a private remedy."); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15–16, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) ("what must ultimately be determined is whether Congress intended to create the private remedy asserted"); *Pittman v. Oregon*, *Employment Dept.,* 509 F.3d 1065, 1073.

To find a private remedy for monetary damages, which the instant plaintiff has sought, "it must be read into the Act." *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 100 S.Ct. 242, 247. But, "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Id*.

Here, Section 3202 delegates any potential remedy to the Secretary of Health and Human Services, which includes the power to impose monetary penalties. Having expressly considered potential violations, and provided for enforcing Section 3202's provisions, points to a legislature that (1) did not intend to create a federal right to reimbursement; and even if it did, did not intend to provide for private enforcement. *See Transamerica Mortg. Advisors, Inc*, at 247 ("In view of these express provisions for enforcing the duties imposed by [the section], it is highly improbable that "Congress absentmindedly forgot to mention an intended

private action."; citing *Cannon v. University of Chicago,* supra, at 742, 99 S.Ct., at 1981 (POWELL, J., dissenting)).

Lastly, Plaintiff fails to explain why the series of cases to which Defendant cited in its Motion to Dismiss are irrelevant. For example, it concludes that *Am. Video Duplicating, Inc., v. City Nat'l Bank*, concerning the Paycheck Protection Program and right of the right of an agent to collect fees, has "no impact on the issues on this case." *Pl. Opp.* at 15:17-20. Plaintiff, however, fails to explain why the agents in *Am. Video Duplicating, Inc,* an identifiable and discrete class that claimed a right to payment, but having no cause of action, are any different than Plaintiff—who also claims to be an identifiable and discrete class that claims a federal right to payment.

## III.   CONCLUSION

Plaintiff's opposition fails to not only establish a private remedy under the CARES Act, but further fails to establish a private right under which a remedy may even be sought. Accordingly, Defendant request its complaint be dismissed with prejudice.

Dated:  April 17, 2022               **FOX ROTHSCHILD LLP**

                                     */s/ Matthew Follett*
                                     Matthew Follett
                                     Attorneys for Defendant
                                     AETNA HEALTH OF CALIFORNIA, INC.