UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOOJAS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AETNA HEALTH OF CALIFORNIA, INC.,<br><br>    Defendant. | Case Nos.  22-cv-01696-JSC<br>22-cv-01702-JSC<br>22-cv-01703-JSC<br>22-cv-01704-JSC<br>22-cv-01706-JSC<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

Pending before the Court are Defendant's identical motions to dismiss each of these five related cases. (Case No. 22-cv-01696-JSC, Dkt. Nos. 5, 7; Case No. 22-cv-01702-JSC, Dkt. No. 7; Case No. 22-cv-01703-JSC, Dkt. No. 5; Case No. 22-cv-01704-JSC, Dkt. No. 6; Case No. 22-cv-01706-JSC, Dkt. No. 7.)[1]

To determine whether a statute implies a private right of action, one relevant consideration is the administrative enforcement scheme, if any, that the statute explicitly provides. *See Alexander v. Sandoval*, 532 U.S. 275, 289–91 (2001); *Cort v. Ash*, 422 U.S. 66, 78 (1975) ("Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?"); *see also McGreevey v. PHH Mortg. Corp.*, 897 F.3d 1037, 1043–44 (9th Cir. 2018) (applying *Cort* and *Alexander*).

The briefs do not sufficiently explain the administrative enforcement scheme, if any, that Section 3202 of the CARES Act explicitly provides. *See Diagnostic Affiliates of Ne. Hou, LLC v.*

---

[1] Record citations are to material in the Electronic Case File ("ECF").

*United Healthcare Servs., Inc.*, No. 2:21-CV-00131, 2022 WL 214101, at *7–8 (S.D. Tex. Jan. 18, 2022) (summarizing parties' arguments on this point and concluding that the Section 3202 administrative enforcement scheme does not "evidence an intent to deny a private right of action"); *see also Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co.*, No. 3:20cv1675(JBA), 2022 WL 743088, at *5 & n.5 (D. Conn. Mar. 11, 2022) ("[I]t is not clear that Plaintiff is left remediless.  The parties' briefing on the issue of whether the enforcement provisions cover Plaintiff's claim does not address . . . the Departments of Labor, Health and Human Services, and Treasury's joint set of Frequently Asked Questions.").

Accordingly, on or before May 16, 2022, Plaintiff and Defendant shall each submit a supplemental brief of up to 10 pages explaining the administrative enforcement scheme, if any, and offering argument as to how the scheme or lack thereof affects the analysis under *Cort* and *Alexander*.  The parties shall file an identical brief in each of the five related cases.

The May 5, 2022 hearing on these motions is VACATED.  The Court will notify the parties if oral argument would be helpful after reviewing their briefs.

**IT IS SO ORDERED.**

Dated: May 2, 2022

JACQUELINE SCOTT CORLEY
United States District Judge